UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
**Martha L. Clark,**                                    )
                                                        )
    **Plaintiff,**                  )
                                                        )
       **v.**         )          **Civil No. 14-cv-02011 (APM)**
                                                        )
**Carolyn W. Colvin,**                                  )
**Acting Commissioner of Social Security,**             )
                                                        )
    **Defendant.**                  )
_____ )

<u>**MEMORANDUM OPINION**</u>

## I.    INTRODUCTION

Section 405(h) of the Social Security Act, as codified, provides that "[t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h). Federal courts uniformly have held that Section 405(h) embodies the fundamental principles of *res judicata*, which limits relitigation of matters already decided. This case requires the court to apply those principles to Defendant Commissioner's denial of Plaintiff Martha Clark's application for benefits.

In 1998, Plaintiff submitted her first application for widow's insurance benefits to the Social Security Administration (SSA). An administrative law judge (ALJ) found that she had been married to Postella Young, a recently deceased District of Columbia resident. The ALJ nevertheless denied Plaintiff benefits on the ground that she was not legally disabled, which she was required to show at her age, 51 years old, to qualify for widow's insurance benefits. Nine years later, at the age of 60, when Plaintiff no longer had to prove disability, she reapplied. Yet again, the SSA denied her benefits. This time, contrary to the prior ruling, a different ALJ

found that Plaintiff had not shown that she had been married to Young. Plaintiff then brought this lawsuit, asserting that Section 405(h) barred the SSA from revisiting its twelve-year-old determination that Plaintiff was the unmarried widow of Young.

The court agrees with Plaintiff that the principles of *res judicata* embodied in Section 405(h) precluded the SSA from relitigating Plaintiff's marital status and denying her widow's benefits for having failed to prove that she had been married to Young. Accordingly, the court will grant Plaintiff's Motion for Judgment on the Pleadings, deny Defendant's Motion for Judgment on the Pleadings, and remand this case for proceedings consistent with this opinion.

## II.   BACKGROUND

### A.   Factual Background

#### 1.   *Plaintiff's First Application for Widow's Insurance Benefits*

Under section 402(e)(1)(B) of the Social Security Act, as codified, a widow is eligible to obtain her deceased husband's benefits if she is unmarried and either (1) at least 60 years old or (2) at least 50 years old and disabled. 42 U.S.C. § 402(e)(1)(B). On August 31, 1998, Plaintiff, then 50 years old, filed an application for widow's insurance benefits, claiming to be the "unmarried widow" of one Postella Young, who had died in the District of Columbia on August 2, 1998. Admin. Record [hereinafter AR], ECF No. 7, at 82, 84.[1] In the same application, Plaintiff also sought disability benefits and supplemental security income, which were not contingent upon her status as Young's widow. *Id*. at 82. The SSA denied each of Plaintiff's claims for benefits at the initial review stage and then again on reconsideration. *Id*. Plaintiff timely requested a hearing, which was held before ALJ John Taggart on December 15, 1999. *Id*.

---

[1] In referencing the Administrative Record, the court uses the page numbers assigned by ECF.

Following a hearing, ALJ Taggart concluded that Plaintiff was "disabled" within the meaning of the Social Security Act. *Id.* at 85, ¶¶ 12–13. He found that she suffered from "severe alcoholism, degenerative joint disease, and glaucoma," *id.* ¶ 4, which made her unable to "perform more than a limited range of sedentary work," *id.* ¶ 7. Notwithstanding his finding of "disability," ALJ Taggart explained that Public Law 104-121 barred Plaintiff from receiving benefits because it "prohibits the award of benefits to individuals when . . . alcoholism is a contributing factor material to a finding of disability." *Id.* at 86, ¶¶ 14–16. Accordingly, ALJ Taggart denied all three of Plaintiff's claims—widow's insurance benefits, disability benefits, and supplemental security income. *Id.*

Although ALJ Taggart denied Plaintiff's claims, he made a factual finding that gives rise to the instant dispute. Under the heading "Findings of Fact," ALJ Taggart wrote that "[t]he claimant is the unmarried widow of the wage earner who died fully insured on August 2, 1998." *Id.* at 84, ¶ 1; *see also id.* at 82 (Plaintiff "is the unmarried widow of the deceased wage earner[.]"). By describing Plaintiff as Young's "widow," ALJ Taggart, at least implicitly, found that Plaintiff had been married to Young. Plaintiff nevertheless was deemed ineligible for widow's insurance benefits because she was less than 60 years old at the time and had failed to meet the other eligibility criteria—disability.

2.    *Plaintiff's Second Application for Widow's Insurance Benefits*

On January 16, 2009, eleven years after submitting her first application for widow's insurance benefits, Plaintiff submitted a second application at the age of 60. *Id.* at 23. The SSA

denied Plaintiff's application at the initial review stage and again upon Plaintiff's request for reconsideration. *Id.* Plaintiff timely requested a hearing. *Id.*

On November 30, 2012, more than twelve years after ALJ Taggart had issued his opinion, ALJ Thomas Ray issued a decision denying Plaintiff's application. He concluded "that sufficient evidence has not been submitted to establish that [Plaintiff] and Postella Young entered into a valid common-law marriage." *Id.* The ALJ relied on the lack of evidence corroborating Plaintiff's assertion that a marriage ceremony had been performed; the absence of any legal instrument, such as a will, death certificate, or tax returns, acknowledging that Plaintiff and Young had married; and the fact that Young apparently was married to someone else at the time he supposedly married Plaintiff. *Id.* at 25.

ALJ Ray also rejected Plaintiff's legal contention that the doctrine of collateral estoppel required him to find that Plaintiff was the unmarried widow of Postella Young. *Id.* at 26. ALJ Ray acknowledged that ALJ Taggart earlier had found that Plaintiff "is the unmarried widow of the deceased wage earner, Mr. Postella Young," but determined that the agency's regulations did not give that finding preclusive effect. *Id.* Relying on 20 C.F.R. § 404.950(f), ALJ Ray concluded that he was not required to apply collateral estoppel unless the applications arose under different titles of the Social Security Act. *Id.* Plaintiff's applications, however, arose under the same titles of the Act. *Id.* He also reasoned that § 404.950(f) contains an exception that permits reconsideration of a prior factual finding if "'there are reasons to believe that it was wrong.'" *Id.* (quoting 20 C.F.R. § 404.950(f)). He concluded that, based on "very little evidence . . . to suggest that that claimant formally married the deceased or that the two held themselves out as married,"

"this case presents reasons to believe Judge Tagg[a]rt's finding the claimant to be the unmarried widow of Postella Young is wrong." *Id.*

Plaintiff appealed ALJ Ray's decision to the SSA's Appeals Council, which affirmed. *Id.* at 9. On the issue of the applicability of collateral estoppel, the Appeals Council concluded that the doctrine did not apply because "the hearing decision on which [Plaintiff] seeks to rely was decided based on a different issue with denial on other bases." *Id.* at 11. Describing as "dicta" ALJ's Taggart's finding that Plaintiff was Young's "unmarried widow," the Appeals Council held that that finding did not "have preclusive effect." *Id.*

### B.    Procedural Background

Plaintiff timely filed this action on November 26, 2014, seeking judicial review and reversal of Defendant's decision. Compl., ECF No. 1. Thereafter, Plaintiff filed a Motion for Judgment on the Pleadings. *See* Pl.'s Mot. for J. on the Pleadings [hereinafter Pl.'s Mot.], ECF No. 10. Defendant then cross-moved for judgment on the pleadings. *See* Def.'s Mot. for J. of Affirmance, ECF No. 12; Def.'s Mot. for J. of Affirmance & Opp'n to Pl.'s Mot. [hereinafter Def.'s Opp'n], ECF No. 13. Those motions are now before the court.

### III.    LEGAL STANDARD

Plaintiff asserts that D.C. Circuit precedent dictates that a motion for judgment on the pleadings, rather than a motion for summary judgment, is "appropriate in cases dealing with the Social Security Act[.]" Pl.'s Mot. at 7[2] (citing *Igonia v. Califano*, 568 F.2d 1383, 1389 (D.C. Cir. 1977)). Defendant does not contest that a motion for judgment on the pleadings is the appropriate posture here. *See* Def.'s Opp'n.

---

[2] Because Plaintiff filed a combined motion and memorandum in support under the same ECF number, the court will use the ECF page number for ease of reference.

Federal Rule of Civil Procedure 12(c) allows parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]"  Fed. R. Civ. Pro. 12(c). "[A] motion for judgment on the pleadings shall be granted if the moving party demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law."  *Stewart v. Evans*, 275 F.3d 1126, 1132 (D.C. Cir. 2002) (quoting *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992)) (internal quotation marks omitted).  "In considering a motion for judgment on the pleadings, the Court should 'accept as true the allegations in the opponent's pleadings' and 'accord the benefit of all reasonable inferences to the non-moving party.'"  *Id.* (quoting *Haynesworth v. Miller*, 820 F.2d 1245, 1249 n. 11 (D.C. Cir. 1987)).

The Social Security Act grants federal district courts authority to review "any final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party[.]" 42 U.S.C. § 405(g).  "[T]he 'Commissioner's ultimate determination will not be disturbed if it is based on substantial evidence in the record and correctly applies the relevant legal standards.'" *Jones v. Astrue*, 647 F.3d 350, 355 (D.C. Cir. 2011) (quoting *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (interpreting 42 U.S.C. § 405(g))).  Our Court of Appeals appears not to have said so explicitly, but other circuit courts have held that, in determining whether an ALJ has properly interpreted the Social Security Act, a federal court's review is *de novo.  See, e.g., Reutter ex rel. Reutter v. Barnhart*, 372 F.2d 946, 950 (8th Cir. 2004) ("We review the ALJ's interpretations of the Social Security Act and regulations de novo, giving substantial deference to the Commissioner's reasonable interpretations of the Act."); *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983) ("[T]he judiciary is the final interpreter of the Social Security Act.").

Notably, as discussed below, Defendant here has not advanced any argument that would require the court to defer to her interpretation of Section 405(h) or the regulations implementing

that statute.  Therefore, the court need not invoke the traditional *Chevron* two-step framework in this case.  *See Astrue v. Capato ex rel. B.N.C.*, 132 S. Ct. 2021, 2033 (2012) (according *Chevron* deference to the SSA's reasonable interpretation of its statute).

## IV.    DISCUSSION

Most Social Security appeals that come before federal district courts require the court to delve into the intricacies of the factual record.  Not so here.  Plaintiff does not argue that ALJ Ray or the Appeals Council wrongfully weighed or considered the evidence.  Instead, the question presented is a purely legal one: Was ALJ Taggart's factual finding that Plaintiff was the unmarried widow of Postella Young binding on ALJ Ray, such that ALJ Ray was precluded from reaching a contrary finding?  Neither side has cited a case from our Court of Appeals that would dictate an answer; nor has this court found one.

### A.    *Res Judicata* in Social Security Cases

The court begins with the relevant statutory text of Section 405(h), which states:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

42 U.S.C. § 405(h).  Two features of Section 405(h) are critical in the present case.

The first is that Section 405(h) "embod[ies] the fundamental and familiar principles of *res judicata*."[3] *Rucker v. Chater*, 92 F.3d 492, 494 (7th Cir. 1996).  As the Fourth Circuit observed in *Lively v. Secretary of Health and Human Services*, "Congress has clearly provided by statute that *res judicata* prevents reappraisal of both the Secretary's findings and his decision in Social

---

[3] "[C]laim preclusion and issue preclusion . . . are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  "[I]ssue preclusion encompasses the doctrines once known as 'collateral estoppel' and 'direct estoppel.'"  *Id.* at 907 n.5.

Security cases that have become final." 820 F.2d 1391, 1392 (4th Cir. 1987) (citing 42 U.S.C. § 405(h)). Other circuit courts have made similar observations. *See Rucker*, 92 F.3d at 494 ("Section 405(h) is designed to prevent relitigation of issues that prior suits have already decided."); *Draper v. Sullivan*, 899 F.2d 1127, 1130 (11th Cir. 1990) (observing that, under Section 405(h), "a determination becomes final and may only be reopened under defined circumstances," a rule "known as the doctrine of administrative *res judicata* or administrative finality"); *Carver v. Sec'y of Health & Human Servs.*, 869 F.2d 289, 292 (6th Cir. 1989) ("The courts have consistently upheld the imposition of the doctrine of administrative res judicata in social security cases except under circumstances that implicate a colorable constitutional issue."); *Purter v. Heckler*, 771 F.2d 682, 691 (3d Cir. 1985) (recognizing in a social security benefits case that "res judicata principles apply to administrative as well as judicial applications").

The second critical feature is that Section 405(h) speaks of giving preclusive effect not only to the Commissioner's decisions, but also her factual "findings." As the Fourth Circuit said in *Lively*, Section 405(h) "gives finality to *findings*, as well as decisions, made in previous proceedings between the parties." 820 F.3d at 1392.

Our Court of Appeals has recognized that the SSA's regulations authorize ALJs to *deny* claims based on *res judicata*. *See Poulin v. Bowen*, 817 F.2d 865, 868–69 (D.C. Cir. 1987); *see also* 20 C.F.R. § 404.957(c)(1) (authorizing an ALJ to "dismiss a hearing request entirely or to refuse to consider any one or more of the issues because . . . [t]he doctrine of res judicata applies"). It also has observed generally that, unlike courts, administrative agencies have discretion "to apply the doctrine of res judicata with flexibility." *Pierce v. S.E.C.*, 786 F.3d 1027, 1034 (D.C. Cir. 2015) (citation omitted).

Our Court of Appeals has not, however, addressed the situation presented here, which involves a claimant's offensive use of *res judicata* to preclude the Commissioner from revisiting an earlier, favorable factual finding. Plaintiff, therefore, looks to cases from outside this jurisdiction to argue that Section 405(h) required ALJ Ray to give preclusive effect to the factual finding made twelve years earlier by ALJ Taggart that Plaintiff was Young's unmarried widow.

Plaintiff first cites to the Fourth Circuit's decision in *Lively*. Pl.'s Mot. at 8. There, the claimant had submitted a claim for disability benefits before he had reached the age of 55. *Lively*, 820 F.2d at 1391. The ALJ denied benefits, ruling that, because the claimant was under the age of 55 and capable of performing work of a "light nature," he was not eligible for benefits. *Id.* at 1391–92. The claimant turned 55 years old a few weeks later and then submitted a second application for disability benefits. *Id.* at 1392. He sought disability benefits under a regulation that qualified persons ages 55 or older for benefits if they were capable of performing only light work. *Id.* The second ALJ denied the claimant's application, after finding, contrary to the first ALJ, that the claimant was capable of performing more than light work. *Id.* The Appeals Council, a magistrate judge, and a district court judge upheld the second ALJ's decision. But the Fourth Circuit reversed, finding it "utterly inconceivable that [the claimant's] condition had improved so much in two weeks[.]" *Id.* The court explained, "[p]rinciples of finality and fundamental fairness drawn from § 405(h) . . . indicate that the Secretary must shoulder the burden of demonstrating that the claimant's condition had improved sufficiently to indicate that the claimant was capable of performing medium work." *Id.* Such evidence was necessary "to sustain a finding contrary to the final earlier finding." *Id.*

Plaintiff also cites *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997). There, the claimant first sought disability benefits when she was 49 years old. *Id.* at

838.  The ALJ denied her application, finding the claimant capable of sedentary work.  *Id.*  The claimant filed for benefits again after turning 50 years old, at which age she was eligible for benefits if capable of only sedentary work.  *Id.* at 839.  The second ALJ denied her benefits, finding that she was capable of medium level work.  *Id.*  The Appeals Council and district court upheld the second ALJ's decision, but the Sixth Circuit reversed.  *Id.* at 838, 840.  Finding *Lively* persuasive, the court observed that "Section 405(h) is intended to give finality to the decision of the Social Security Administration.  Decisions made by the Administration cannot be repeatedly reconsidered."  *Id.* at 841.  The court rejected "the Commissioner's contention that the Social Security Administration has unfettered discretion to reexamine issues previously determined absent new and additional evidence."  *Id.* at 842.  It explained that "[t]o allow the Commissioner such freedom would contravene the reasoning behind 42 U.S.C. § 405(h) which requires finality in the decisions of social security claimants.  Just as a social security claimant is barred from relitigating an issue that has been previously determined, so is the Commissioner."  *Id.*  The court thus framed the application of *res judicata* against the Commissioner as follows:  "When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances. . . .  The burden is on the Commission to prove changed circumstances and therefore escape the principles of res judicata."  *Id.* at 842–43.

### B.     Applying *Res Judicata* to Plaintiff's Case

Plaintiff reads *Lively* and *Drummond* to "provide that a prior decision of an ALJ is preclusive unless the factual circumstances relevant to that decision are subject to change."  Pl.'s Reply, ECF No. 14, at 1.  Defendant, on the other hand, urges a more narrow reading of those cases.  She argues that "[t]he cases are exclusively in reference to [residual functional capacity]

determinations and both holdings reflect the notion that absent a showing to the contrary, a claimant's impairment will worsen over time." Def.'s Opp'n at 11. As support for that position, Defendant cites two authorities.

First, she rightly points out that the Fourth Circuit gave a restrictive reading of *Lively* in a later decision, *Albright v. Commissioner of Social Security Administration*, 174 F.3d 473 (4th Cir. 1999). Def.'s Opp'n at 11. The Fourth Circuit in *Albright* wrote that,

> [a]t its essence, *Lively* really has very little to do with preclusion. Although we discussed the doctrine of res judicata generally, and more particularly its incorporation into the Social Security Act through 42 U.S.C. § 405(h), *Lively* is not directly predicated on the statute, but on "[p]rinciples of finality and fundamental fairness drawn from § 405(h)."

*Albright*, 174 F.3d at 477 (quoting *Lively*, 820 F.2d at 1392) (second alteration in original). The court concluded that, "[r]ather than signaling a sea change in the law of preclusion, the result in *Lively* is instead best understood as a practical illustration of the substantial evidence rule." *Id.* This court agrees with Defendant that *Albright* substantially diminishes the force of *Lively* as a precedent supporting the application of *res judicata* in this case.

Second, Defendant cites to an internal agency ruling, AR 00-1(4), 2000 WL 43774, binding only in the Fourth Circuit, which interpreted and implemented *Albright* and *Lively*. Def.'s Opp'n at 12. She points to a passage in AR 00-1(4) which provides, in relevant part, that "[w]hen adjudicating a subsequent disability claim . . . an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts." 2000 WL 43774, at *4. Defendant thus reads AR00-1(4)—and presumably Section 405(h)—as fashioning a rule that an adjudicator must consider a prior finding of fact as *evidence* but ultimately is not bound by it. Def.'s Opp'n at 12–13. Defendant asserts that ALJ Taggart adhered to that standard in denying Plaintiff's claim.

Ultimately, this court is persuaded by Plaintiff's reading of Section 405(h). As discussed, Section 405(h) embodies the principles of *res judicata* and makes those principles applicable not only to the Commissioner's decisions, but also to her factual findings. *See* pp. 7–8, *supra*. The statute also plainly contemplates that the preclusive effect of those principles can be applied against the Commissioner, as much as they can be applied against a claimant. *See Drummond*, 126 F.3d at 842 (noting that Section 405(h) prevents the Commissioner from relitigating previously determined issues).

Yet, as in other administrative contexts, *res judicata* in the social security setting is not always applied rigidly. Its application is flexible enough to allow an administrative law judge to take account of changes in circumstances that have occurred between an earlier benefits decision and a later one, especially as they relate to the frequently litigated issues of a qualifying disability and residual functional capacity. *See Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998) ("What is true is that under the collateral estoppel branch of res judicata, the judgment denying the earlier claim may bar the relitigation of issues essential to the second claim as well. But it need not, especially when the disabling condition is progressive. . . .").

Here, however, the case for a flexible application of *res judicata* is entirely absent. Quite naturally, an administrative ruling on disability or residual functional capacity must account for any intervening changes in the claimant's condition between the initial determination and the later one. As Judge Posner wrote in *Groves*, "[r]es judicata bars attempts to relitigate the same claim, but a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994." *Id*. By contrast, the factual finding at issue here—that Plaintiff was the unmarried widow of Postella Young—is not one that is subject to change with the passage of time. Either Plaintiff was Young's unmarried widow or she wasn't. ALG Taggart determined that she was.

And, Defendant does not offer any "changed circumstances" that would warrant revisiting that finding. *Drummond*, 126 F.32d at 842. Defendant has not, for example, argued that, in connection with her first application, Plaintiff fraudulently concealed facts or that the facts concerning her alleged marriage to Young could not have been discovered with due diligence. *See Pierce*, 786 F.3d at 1035 (stating that *res judicata* will not bar reconsideration based on newly discovered evidence if the evidence was "fraudulently concealed or when it could not have been discovered with due diligence") (internal quotation mark and citation omitted).

Defendant's position that Section 405(h) required ALJ Ray only to consider his colleague's earlier factual finding, but not be bound by it, is inconsistent with the *res judicata* principles that animate the statute. As the court observed in *Drummond*, "Section 405(h) is intended to give finality to the decision of the Social Security Administration. Decisions made by the Administration cannot be repeatedly reconsidered." 126 F.3d at 841. Even the court in *Albright* interpreted *Lively* to rest on "'*principles of* finality and fundamental fairness *drawn from* § 405(h)." *Albright*, 174 F.3d at 477 (quoting *Lively*, 820 F.2d at 1392).

As applied here, those principles bar the agency from revisiting a factual finding that it made over a decade ago. The SSA could have shown that Plaintiff was not the unmarried widow of Young in connection with her first application for benefits. But it either chose not to or did an insufficient job in that regard. Either way, Plaintiff was entitled to rely on what, even Defendant concedes, was a finding of fact as to her marital status to Young. Plaintiff then waited nine years to re-apply for widow's insurance at the age of 60, when she no longer had to demonstrate disability. To permit Defendant to relitigate her marital status more than a decade later would be fundamentally incongruous with the principles of finality and fairness that underlie Section 405(h).

*See Pierce*, 786 F.3d at 1035 ("Newly discovered evidence normally does not prevent the application of res judicata.") (internal quotation marks and citation omitted).

AR 00-1(4) does not dictate a contrary result. The portion of AR 00-1(4) cited by Defendant is applicable only when an adjudicator is asked to "'determin[e] whether a claimant is disabled during a previously unadjudicated period[.]'" Def.'s Opp'n at 12 (quoting AR 001-(4), 2004 WL 43774, at *4). Here, ALJ Ray was not required to determine whether Plaintiff was disabled at any time. Therefore, AR 00-1(4) simply does not apply.

Before concluding, the court notes that Defendant has not sought to defend its denial of benefits on the ground advanced by the Appeals Council, namely, that ALJ Taggart's finding was "dicta" and therefore could not have had preclusive effect. AR at 11. Nor has Defendant asserted that ALJ Ray's decision was a proper re-opening of ALJ's Taggart's decision under 20 C.F.R. § 404.988-89, or that some other SSA regulation justified his decision not to apply *res judicata*. Because Defendant has not raised any of these arguments, the court has not considered them.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion for Judgment on the Pleadings is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this opinion.

A separate order accompanies this Memorandum Opinion.

Dated: May 11, 2016

Amit P. Mehta
United States District Judge